O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNICOLORS, INC., | ) | Case No. CV 24-05851 DDP (PDx) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT FILLY** |
| v. | ) ) | **FLAIR'S MOTION TO DISMISS** |
| BELLA LIA BOUTIQUE, et al., | ) ) | [Dkt. 33] |
| Defendants. | ) ) | |

Presently before the Court is Defendant Filly Flair Boutique LLC ("Filly Flair" or "Defendant")'s Motion to Dismiss for Lack of Personal Jurisdiction. (Dkt. 33.)  Having considered the parties' submissions, the Court adopts the following order.

**I. BACKGROUND**

Plaintiff Unicolors, Inc. is a corporation based in Los Angeles, California. (Complaint ¶ 6.)  Plaintiff allegedly designed and owns the copyright to a two-dimensional artwork for textile printing (the "Subject Design"). *Id.* ¶ 29. According to Plaintiff's complaint, Defendants created, sold, manufactured, imported, and/or distributed fabric or garments with unauthorized

reproductions of the Subject Design. *Id.* ¶ 33. The Complaint therefore alleges copyright infringement claims against Defendants.

Defendant Filly Flair is an online retailer incorporated in Delaware. (Declaration of Clara Grace "Grace Decl.", Dkt. 33-2 ¶ 3.) Defendant represents that its principal and only place of business is in South Dakota. (Motion at 2:6-7.) Plaintiff asserts that although Filly Flair maintains no physical stores, it reaches consumers through an online website, social media, and mobile application but maintains no physical stores. (Opposition at 1:13-18.) Filly Flair ordered 48 women's tops with the Subject Design from a foreign vendor,[1] and sold 47 of them. (Grace Decl. ¶¶ 12, 14.) Defendant contends that none of the infringing tops sold were purchased by or shipped to California residents. (*Id.* ¶ 15.)[2] The parties dispute whether Defendant advertised the infringing tops in California and whether Defendant targets advertisements or marketing towards California residents in general. (*Id.* ¶ 10; Declaration of Trevor W. Barrett, Exs. 6, 10-12.)

Defendant now moves to dismiss the case for lack of personal jurisdiction.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a suit for lack of personal jurisdiction. The plaintiff has the burden of establishing that jurisdiction exists. *See Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Where, as here,

---

[1] The parties dispute whether the infringing garments were purchased from a foreign or California based vendor. *See* Declaration of Trevor W. Barrett ("Barrett Decl."), Ex. 1, 2 (Dkt. 40-1, 40-2); Declaration of Clara Grace ("Grace Decl."), Dkt. 33-2 ¶ 12.

[2] Although Plaintiff argues in a sur-reply that this evidence is self-serving, Plaintiff has not put forth any evidence of California sales.

2

the motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1977); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Although the plaintiff cannot simply rest on the bare allegations of its complaint, uncontroverted allegations in the complaint must be taken as true." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 797 (9th Cir. 2004) (internal quotations and citation omitted). Conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor. *Id*.

**III. DISCUSSION**

Exercise of personal jurisdiction is "proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1155 (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996)). Federal courts defer to state law to determine "the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). California's long-arm statute permits the exercise of personal jurisdiction to the extent the Constitution of California or the United States allows. Cal. Code. Civ. Proc. § 410.10. Thus, courts must determine whether the exercise of jurisdiction "comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

Exercise of personal jurisdiction over a nonresident defendant does not violate due process if the defendant has sufficient "minimum contacts" with the forum such that litigating there would

3

not "offend 'traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A v. Brown*, 564 U.S. 915, 923 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Courts may exercise general jurisdiction when the defendant's contacts with the forum are "so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919. Courts may exercise specific jurisdiction when the defendant's contacts with the forum give rise to the action. *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) (citing *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1986)).

Here, the parties do not dispute that this Court lacks general jurisdiction over Filly Flair. As such, the court will only address the issue of specific personal jurisdiction.The Ninth Circuit follows a three-part test for determining specific jurisdiction: (1) the defendant must perform some conduct within the forum to purposefully avail themselves of the "benefits and protections of its laws," (2) the claim must arise out of or result "from the defendant's forum-related activities," and (3) "[e]xercise of jurisdiction must be reasonable." *Haisten*, 784 F.2d at 1397.

The second prong requires that the claim "arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). The Supreme Court highlighted in *Ford* that "arise out of" and "relate to" are separate means of supporting personal jurisdiction. *Id.* at 362. "Arise out of" is a causal test, but "relate to" "contemplates that some relationships will support jurisdiction

4

*without* a causal showing." *Id.* (emphasis added).

As the Supreme Court noted in *Ford*, however, "[t]hat does not mean anything goes," as even the phrase "relate to" "incorporates real limits" to protect defendants. *Id.* In *Ford*, plaintiffs sued an automaker in their respective home states for injuries suffered due to a vehicle defect while driving in those states. *Id.* at 356. Ford sought to dismiss for lack of personal jurisdiction in each action, arguing that each forum lacked a causal connection to plaintiffs' claims because Ford did not design, manufacture, or sell plaintiffs' specific vehicles in the plaintiffs' home states. *Id.* The Supreme Court highlighted, however, that no causal relationship between Ford's conduct in the forum and plaintiffs' claims was necessary to establish personal jurisdiction. *Id.* at 361, 362. Rather, the Court explained, Ford's conduct in the forum need only, and did, "relate to" plaintiff's injuries. *Id.* at 365. Ford encouraged forum residents to buy Ford vehicles, including the models at issue, through advertising in "billboards, TV and radio spots, print ads, and direct mail." *Id.* Although Ford did not sell any of the allegedly defective vehicles in the plaintiffs' home states, Ford did have 120 dealerships in those states alone, and maintained ongoing relationships with consumers in those states by offering regular maintenance and repair services and selling Ford-certified parts even to independent auto shops. *Id.* Because, the Court concluded, "Ford had systematically served" the forum states' markets for the exact model of vehicles that caused plaintiffs' injuries, "there is a strong relationship among the defendant, the forum, and the litigation." *Id.* (internal quotation marks omitted).

5

Here, Plaintiff has not shown that its claims against Filly Flair "arise out of" Filly Flair's conduct in California. The question, therefore, is whether Plaintiff has shown that its infringement claims are "related to" Filly Flair's conduct in California.

The facts of this case are distinguishable from *Ford*. Although Ford had not sold plaintiffs' particular vehicles in the forum state, Ford had sold, promoted, and serviced identical models in the state and "systematically served" the forum states' markets. *Id.* at 365. Here, Plaintiff has not demonstrated that Filly Flair had any comparable presence in California. Unlike Ford, who maintained physical locations, employees, and services performed in the forum state, Filly Flair does not rent, own, or maintain any corporate or personal property in California, employ anyone who resides in California, or maintain any bank accounts, records, or computer servers/hardware in California. (Grace Decl. at ¶¶ 4-10). Nevertheless, Plaintiff represents Filly Flair has substantial contacts with California in other respects, such as frequent sales of other items to California residents, targeted advertising and marketing directed at California residents, compliance with California privacy laws, and mobile applications and a website accessible to California residents. (Barrett Decl. Ex. 3, ¶¶ 5-8; Opp. at 5:12-13.)

Plaintiff's declarations and exhibits, however, do not demonstrate any sales to or targeting of California residents. For example, Plaintiff asserts that because Filly Flair has an outside investor and has gained over a million followers on social media, "[i]t would defy logic and common sense to assert that it does not

6

sell to customers in California." (Opp. at 5:15-18.) Plaintiff obtained the "one million" followers estimate from a statement made by the founder of Filly Flair in a local South Dakota web-magazine interview. (Barrett Decl. Ex. 9.) Plaintiff does not attempt to verify the accuracy of the founder's statement, and indeed only provides a screenshot of Filly Flair's Instagram account, with only 133,000 followers. (Barrett Decl. Ex.3.) Plaintiff did not provide additional screenshots from Filly Flair's social media accounts, which are visibly displayed at the bottom of Plaintiff's Exhibit 4, to account for the remaining 85% of Filly Flair's supposed followers. Nor, notwithstanding its contention that logic dictates that Filly Flair made California sales, does Plaintiff submit proof of even a single purchase by a California consumer. With respect to targeting, Plaintiff has demmonstrated that Filly Flair uses Google and Facebook advertisements, and that both Google and Facebook offer location-targeted advertising. (Barrett Decl. Ex. 7, 12-13). But although these advertising platforms may offer the option to target advertisements to particular locations, Plaintiff provides no evidence that Filly Flair actually used these services and actively chose to target California Consumers.

That Filly Flair complied with California privacy law and maintained a website and mobile application do not demonstrate any presence in the forum state comparable to that highlighted in *Ford*, and Plaintiff cites no authority for the proposition that such contacts justify the exercise of personal jurisdiction. To the contrary, the Ninth Circuit and courts within this circuit have held that similar contacts alone are insufficient to establish personal jurisdiction. *See LNS Enters. LLC v. Continental Motors,*

7

*Inc.*, 22 F.4th 852, 863 (9th Cir. 2022) ("We agree that the mere existence of a 'passive website' . . . is insufficient to render the company subject to personal jurisdiction."); *Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames LLC*, 458 F. Supp. 3d 1202, 1208 (N.D. Cal. 2020) ("The mere availability of downloading [the defendant's app-based game], by itself, does not create personal jurisdiction."); *Engineer.ai Corp. v. Appy Pie LLC*, No. 2:22-cv-05376, 2023 WL 5207499, at *9 (C.D. Cal. June 13, 2023) ("[M]ultiple courts have found that a California-specific privacy policy is not, alone, sufficient to find personal jurisdiction.").

Plaintiff has not demonstrated that Filly Flair has "systematically served" the California market or that Plaintiff's claims sufficiently "relate to" Filly Flair's California conduct.[3]

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

IT IS SO ORDERED.

Dated: March 14, 2025

HONORABLE DEAN D. PREGERSON
United States District Judge

---

[3] Because Plaintiff has not made a showing that its claim is even "related to" Filly Flair's California conduct, the court need not address the remaining prongs of the personal jurisdiction test.

8